19346/053069

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

ANTONAISA PETERSON,

        Plaintiff,

STATE OF WISCONSIN DEPARTMENT
OF HEALTH SERVICES,

        Involuntary Plaintiff,

v.

HAPREET S. SANDHU,
MEET CARRIER, LLC,
EVERSPAN INSURANCE COMPANY,
        Defendants.

Case No. _____

Removed from Milwaukee County, WI

Milwaukee County Case No. 24-CV-881

**JURY TRIAL DEMANDED**

## <u>DEFENDANTS, HAPREET S. SANDHU, MEET CARRIER, LLC, AND EVERSPAN INSURANCE COMPANY'S, NOTICE OF REMOVAL</u>

**NOW COME** the Defendants, HARPREET S. SANDHU, MEET CARRIER, LLC, and

EVERSPAN INSURANCE COMPANY, ("Sandhu," "Meet Carrier," and "Everspan,"

respectively, collectively "Defendants") by and through their attorneys, CASSIDAY SCHADE

LLP, and for their Notice of Removal, states:

### <u>BACKGROUND</u>

1.     This case arises from a motor vehicle collision that occurred on March 21, 2025, at

the intersection of North Avenue and Holton Street in the City and County of Milwaukee,

Wisconsin. (*See* Ex. A at Bates 10, ¶¶2-3 (Plaintiff's Complaint.)[1]

2.     On October 3, 2025, Plaintiff, Antonaisa Peterson ("Peterson"), filed a Summons

and Complaint in the Circuit Court of Milwaukee County, Wisconsin, against Defendants. (*See*

---

[1] Exhibit A is Bates stamped for the Court's convenience.

Ex. A at Bates 5-13.) Peterson disclosed a total amount of medical bills of $22,099.81 on March 24, 2026, and a formal demand on April 1, 2026 of $150,000 for medical bills and specials. (*Infra*, ¶¶16, 16a.-16b.)

3. Peterson's Complaint identifies Peterson as "an adult individual residing at 6363 N 89th Street in the City of Milwaukee, County of Milwaukee, State of Wisconsin, 53225." (Ex. A at Bates 9, ¶1.)

4. Peterson's Complaint further identifies Defendant, Meet Carrier, as "a domestic corporation with its principal office and registered agent located at 605 N Ashland Ave Michigan City, IN 46360." (*Id.* at Bates 9, ¶3.)

5. Peterson's Complaint also identifies Defendant, Sandhu, as "an adult individual whose last known address is 2898 Branch Street Whiteland, IN 46184." (*Id.* at Bates 10, ¶4.)

6. Peterson's Complaint further identifies Defendant, Everspan, as "a domestic corporation with its principle [sic] offices located at One World Trade Center, 41st Floor New York, NY 10007, and its registered agent at 301 S Bedford Street, Suite 1, Madison, WI 53703." (*Id.* at Bates 10, ¶5.)

## DIVERSITY JURISDICTION

7. Plaintiff, Peterson, was domiciled at the time of this action commenced at 6363 N 89th Street, City of Milwaukee, County of Milwaukee, State of Wisconsin, Zip Code 53225. Upon information and belief, Peterson currently resides at and has resided at this domicile at all times relevant to the claims found within her Complaint. (Ex. A at Bates 5-13.)

8. Defendant, Meet Carrier, is a domestic limited liability company established in the state of Michigan with its registered office street address located at 605 North Ashland Avenue, City of Michigan City, State of Indiana, Zip Code 46360, and with its registered agent, Armanpreet

2

Singh, residing at 605 North Ashland Avenue, City of Michigan City, State of Indiana, Zip Code 46360. Meet Carrier was domiciled at the time this action commenced and is currently domiciled in the State of Indiana.

9. Defendant, Sandhu, was domiciled at the time that this action commenced at 2898 Branch Street, Town of Whiteland, State of Indiana, Zip Code 46184. That Sandhu is currently domiciled in the State of Indiana, pays taxes to the State of Indiana.

10. Defendant, Everspan, is a foreign insurance company, organized and existing under the laws of Arizona, with its statutory home office address located at 8601 N. Scottsdale Road Suite 300, City of Scottsdale, State of Arizona, Zip Code 85253, and its principal place of business located at 40 Wall Street, 55th Floor, City of New York, State of New York, Zip Code 10005; that the registered agent for Everspan is Corporation Service Company, located at 33 E. Main Street, Suite 610, City of Madison, State of Wisconsin, Zip Code 53703. That Everspan was domiciled at the time this action commenced and is currently domiciled in the State of Arizona.

11. Pursuant to 28 U.S.C. §1441(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

12. Here, diversity jurisdiction exists as all parties are residents of different states. (*Supra*, ¶¶2-10.) Further, all Defendants join the pending Notice, thereby consenting to this action's removal into federal court.

13. 28 U.S.C. § 1332 provides:

(a) The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

3

(1)      Citizens of different states;

(2)      Citizens of a State and citizens or subjects of a foreign state . . .

14.      28 U.S.C. § 1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts in the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

15.      Peterson's Complaint does not state whether the amount in controversy exceeded the sum of $75,000. (*See generally* Ex. A at Bates 8-13.)

16.      Defendants were unaware of the total amount in controversy in this matter until:

a.      ***First***, on March 24, 2026, Peterson answered discovery claiming $22,099.81. (*See* Ex. B at Bates 1-14, 4 (Peterson's Answers to Defendants' Interrogatories and Requests for Production of Documents with email attachment).) Notably, Peterson's discovery answers are unsigned and do not indicate that they were answered under oath. *See* Wis. Stat. § 804.08(1)(b).

b.      ***Second***, on April 1, 2026, Peterson's attorneys issued their demand, which totaled $150,000.00. (*See* Ex. B at Bates 15 (Emails of Anton Ragozin, Nicholas DiBenedetto, and Ian M. Clark (April 1, 2026, at 10:35 AM)).)

17.      Pursuant to 28 U.S.C. § 1446, this Notice of Removal is brought within 30 days that Defendants received notice that Plaintiff's damages are greater than $75,000.

18.      Under 7th Circuit precedent, "the notice of removal 'shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief.'" *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013) (alteration in original) (quoting 42 U.S.C. § 1446(b)(1)). However, "if the case stated by the initial pleading is not

4

removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." 42 U.S.C. § 446(b)(3) (emphasis added).

19. "When the thirty-day clock starts is not 'a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation.'" *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 698 (7th Cir. 2022) (quoting *Walker*, 727 F.3d at 825). "Rather, 'the clock commences only when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums.'" *Id.* (quoting *Walker*, 727 F.3d at 825).

20. In *Rock Hemp*, the first time Rock Help specifically disclosed the damages sought was on June 15, 2021, in an email to Dunn and co-defendants' counsels. *Id.* at 700.[2] Subsequently, Dunn and co-defendants filed their notice of removal less than 30 days later, on June 22, 2021. *Id.* The *Rock Hemp* court found that removal was timely because Dunn and co-defendants were not notified of Rock Hemp's claimed damages until June 15, 2021. *Id.*

21. Relying on *Walker*, the *Rock Hemp* court affirmed that "to file a notice of removal, a defendant 'need only show that it is more likely than not that the case will exceed the jurisdictional threshold for diversity.'" *Id.* 699 (quoting *Walker*, 727 F.3d at 879). "*Walker* makes clear that the thirty-day deadline only begins to run when the plaintiff 'affirmatively and

---

[2] CCAP, Wisconsin's court record system, reveals that Rock Hemp filed its state court complaint on December 2, 2020; in response, Dunn and co-defendants' counsels filed a Motion to Dismiss and Compel Arbitration on January 28, 2021. (*See Rock Hemp Corp, et al., v. Adam Dunn et al.*, Rock Cty. Case No. 2020CV000777, CCAP (last visited on April 22, 2026, at 1:30 PM), https://tinyurl.com/42yt62su; *see also* Ex. C at Bates 6-8.)

As such, Rock Hemp did not disclose damages until six months into litigation, much like the case at bar, where the Complaint was filed on October 3, 2025, but damages were not disclosed until April 1, 2026.

5

unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums.'" *Id.* at 700 (quoting *Walker*, 727 F.3d at 825).

22.	The *Rock Hemp* court ultimately ruled that Rock Hemp specifically disclosed the amount of monetary damages sought on June 15, 2021 in an email sent to Dunn and co-defendant's counsel, finding that removal was timely. *Id.*

## BASIS FOR REMOVAL

23.	Here, diversity jurisdiction exists as all parties are residents of different states. (*Supra*, ¶¶2-10.)

24.	Peterson did not affirmatively and unambiguously specify her damages until she provided Defendants her medical bills on March 24, 2026 and a demand on April 1, 2026, which showed that this case was likely to exceed the jurisdictional threshold for diversity and was greater than $75,000. (*Cf.* Ex. B *with Rock Hemp.*, 51 F.4th at 698-700.)

25.	As such, Defendants could not have ascertained that the amount in controversy exceeded the jurisdictional threshold under 28 U.S.C. § 1332 until March 24, 2026 at the earliest and April 1, 2026 at the latest. Accordingly, the thirty-day removal period did not begin to run until March 24, 2026 or April 1, 2026, and Defendants' Notice of Removal, filed within thirty days thereafter, is timely under 28 U.S.C. § 1446(b)(3). *See also Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.").

26.	Therefore, this matter is removable under 28 U.S.C. §§ 1332, 1441, and 1146 because diversity of citizenship exists among the Parties, the amount in controversy exceeds that of $75,000 and was not disclosed to Defendants until April 1, 2026, and all Defendants that were

6

joined and served in this matter consent and join this Notice to remove this action into federal court.

## COMPLIANCE WITH REMOVAL PROCEDURES

27.    Copies of all pleadings, process, orders, and other filings in the state court proceedings are attached to this notice as required by 28 U.S.C. § 1446(a). (*See generally* Ex. A.)

28.    Copies of all other papers relating to the amount in controversy are attached to this notice as required by 28 U.S.C. § 1446(b)(3). (*See* Ex. B.)

29.    Defendants will promptly or shall contemporaneously file a copy of this Notice of Removal with the Clerk of Circuit Court for Milwaukee County, Wisconsin, where the suit is currently pending, and serve upon Plaintiff, as required by 28 U.S.C. § 1446(d). (*See* Ex. D.)

30.    Venue is proper in this federal district under 28 U.S.C. § 1441(a) because the state court where this suit is currently pending is located within the Eastern District of Wisconsin.

**WHEREFORE**, the Defendants, HARPREET S. SANDHU, MEET CARRIER, LLC, and EVERSPAN INSURANCE COMPANY, respectfully:

1.    **FILES** its Notice of Removal, **REMOVING** the state court action, Milwaukee County Case No. 24-CV-881, from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin.

## DEFENDANTS DEMAND A TRIAL BY JURY.

7

**DATED** on <u>April 23, 2026</u>, at <u>Milwaukee, WI</u>.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:    <u>/s/ *Ian M. Clark*</u>
      Attorneys for Defendants,
      HARPREET S. SANDHU,
      MEET CARRIER, LLC, and
      EVERSPAN INSURANCE
      COMPANY

<u>P.O. ADDRESS:</u>
John J. Reid | SBN 1057458
Ian M. Clark | SBN 1123741
Brenda Bontempo (Legal Secretary)
CASSIDAY SCHADE LLP
330 East Kilbourn Avent, Suite 575
Milwaukee, WI 53202
(414) 224-1086
jreid@cassiday.com
iclark@cassiday.com
bbontempo@cassiday.com

8